**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAYANA QUINTANA**

      **Plaintiff,**

**v.**                             **Case No.: 6:17-cv-01168-GKS-KRS**

**FOGO DE CHAO CHURRASCARIA**
**(ORLANDO) LLC,**

      **Defendant.**

_____/

**PLAINTIFF'S MOTION TO REMAND AND**
**INCORPORATED MEMORANDUM OF LAW**

Plaintiff, DAYANA QUINTANA, by and through her undersigned counsel, moves this Court for the entry of an order remanding Plaintiff's action to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, where this action originated. Defendant opposes this Motion. In support of this motion, Plaintiff states as follows:

**I.**      **BACKGROUND**

This action was initially filed in state court on or about May 24, 2017, alleging discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq. No federal claims were included in the Complaint. On June 26, 2017, Defendant filed a Notice of Removal, and removed the action to this Court. (Doc. 1). Plaintiff now moves to remand this action to state court because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

II.     **MEMORANDUM OF LAW.**

   **A.  Legal Standard for Removal**

   Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. <u>See</u> 28 U.S.C. § 1441(a).  A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. <u>See</u> <u>Leonard v. Enterprise Rent A Car</u>, 279 F.3d 967, 972 (11th Cir. 2002); <u>Perez v. AT & T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998).   In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. <u>See</u> 28 U.S.C. § 1332.   The parties do not dispute that complete diversity of citizenship exists.

   Because removal is a statutory right, it "should be construed strictly in favor of state court jurisdiction." <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); <u>see</u> <u>also</u> <u>University of Southern Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999); <u>Perez</u>, 139 F.3d at 1373.  "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F. 3d 1092, 1095 (11th Cir. 1994).  A removing party's burden of proof is therefore a heavy one, which Defendant has failed to satisfy in this case.

   After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c).  A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice

of removal. 28 U.S.C. § 1447(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Here, Plaintiff maintains that the Court does not have subject matter jurisdiction because at that time of removal Defendant cannot show that the amount in controversy exceeded $75,000. Instead, Plaintiff's damages were approximately $30,000. This Motion is timely as it was filed less than 30 days after Defendant's removal.

**B. Defendant cannot establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.**

**1.     Plaintiff's Complaint lacks a specific damage amount.**

When, as here, damages are not specified in the state-court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). In determining the amount in controversy, the court should look first to the complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.*

**2.     Plaintiff's back pay damages must be calculated at time of removal and mitigation efforts must be considered.**

In this action, Defendant asserts that the amount in controversy exceeds $75,000 because the sum of the plaintiff's estimated back pay exceeds $75,000. Specifically, in its removing papers Defendant provided the Court with the following calculation:

3

. . . in the first five months of 2016, Plaintiff earned $11,012.84, which is approximately $2,202 monthly (or $26,428.00 annually). This action is being removed almost 14 months after her separation from employment, and trial will likely not be scheduled for 24 months. Thus the amount of back pay alone that is in controversy exceeds the jurisdictional amount of $75,000 (14 x $2,202 is $30,828, plus two years of back pay at $26,428, totals $83,684).

(Notice of removal, Doc. 1, ¶ 11).

Defendant's removal improperly relies upon Plaintiff's back pay at a hypothetical trial date 24 months from now. This is incorrect. However, "because the amount in controversy is determined **at the time of removal**, the defendant must exclude post-removal back pay when computing the amount in controversy." Davis v. Tampa Ship, LLC, 2014 U.S. Dist. LEXIS 73937, *2-3 (M.D. Fla. May 30, 2014) (emphasis added); Wozniak v. Dolgencorp, LLC, 2009 U.S. Dist. LEXIS 113437, 2009 WL 4015577 (M.D. Fla. Nov. 19, 2009) ("[The defendant] estimates that a judgment for the plaintiff would include more than $75,000.00 in back pay because this case is unlikely to proceed to trial within the next year. However, the amount in controversy is determined at the time of removal not at some speculative time of judgment." (citations omitted)). See also Ogle v. Kauffman Tire, Inc., No. 8:16-cv-00894-EAK-TBM (M.D. Fla. July 20, 2016) (Kovachevich, J.) (stating "the amount of back pay damages is to be determined at the time of the removal not some made up date in the future that gets the Defendant where it wants to be, without the basis being established as reasonable"). (Attached as Exhibit "A.")

Taking into account the declaration submitted by Defendant, Plaintiff's back pay calculation at the time of removal, is as follows: **$2,202 (approximate monthly earnings) x 14 (months from termination to removal) = $30,828**. Because Plaintiff's back pay

damages at the time of removal were far less than $75,000, the Court lacks jurisdiction and the case should be remanded.  Henderson v. Ricoh Americas Corporation, Case No. 8:09-cv-2467-T-23TGW (M.D. Fla. December 22, 2009) (remanding case where "at the time of removal, the plaintiff's lost wage claim fell significantly short of $75,000.00."); Snead v. AAR Manufacturing, Inc., 2009 U.S. Dist. LEXIS 97601 (M.D. Fla. Oct. 6, 2009) (remanding case to state court due to defendant's failure to show that Plaintiffs damages exceeded $75,000 at time of removal); see also Mathew v. S&B Engineers and Construction, LTD., 2009 U.S. Dist. LEXIS 6888 (M.D. Fla. Jan. 30, 2009) (holding that evidence of plaintiff's failure to stipulate regarding the jurisdictional amount, her back pay damages of approximately $66,000, and her claim for unspecified compensatory damages were insufficient to establish the jurisdictional amount).

Even assuming post-removal back pay is in controversy at the time of removal, Defendant's estimation of Plaintiff's back pay relies on trial occurring in June 2019. However, as Judge Merryday reasoned in Davis v. Tampa Ship, LLC, 2014 U.S. Dist. LEXIS 73937 (M.D. Fla. May 30, 2014), "experience and common sense" suggests that this action will resolve before trial." (remanding case to State court where not one of the cases identified by the defendant for calculating back pay through a proposed trial date actually went to trial).

Additionally, Defendant's Notice of Removal fails to take into consideration the fact that Plaintiff will likely mitigate her damages prior to a future trial date.  As Judge Merryday reasoned in Davis, "'[c]ommon sense' suggests that during the next fourteen months, the typical plaintiff will either substantially mitigate his damages or fail to fulfill

his obligation to mitigate his damages."  2014 U.S. Dist. LEXIS 73937.  Further, including

post-removal back pay ignores the effect of mitigation. See Ambridge v. Wells Fargo Bank,

N.A., 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014) (Kovachevich, J.) (stating "back

pay damages for the purposes of calculating the amount in controversy will be reduced by

the amount of mitigation," but "predict[ing] whether Plaintiff will or will not continue to

mitigate his damages between the date of removal and that estimated trial date" is "too

uncertain.").  In the instant case, the same rationale should apply, and mitigation efforts

must be considered in determining the amount in controversy.  Thus, Defendant has failed

to meet its burden that Plaintiff's back pay damages meet the jurisdictional requirement.

**3.     Attorneys' fees should not be considered when determining the amount in controversy.**

Defendant also attempts to meet the amount in controversy by attaching an

unknown value to Plaintiff's claim for attorney's fees.  However, beyond mere speculation,

Defendant has not offered any evidence that such claims for damages would exceed

$75,000, an omission that further supports Plaintiff's Motion to Remand.

For example, in Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D.

Fla. 1998), Judge Kovachevich, citing to Action Orthopedics, Inc. v. Techmedica, Inc., 759

F. Supp. 1566, 1572 (M.D. Fla. 1991) refused to consider attorneys' fees when determining

the amount in controversy. See also Wozniak, 2009 U.S. Dist. LEXIS 113437, 5-6 (M.D.

Fla. Nov. 19, 2009) ("Dollar General's mere speculation that the plaintiff may recover a

fee fails to support the exercise of jurisdiction in this case."); see also Davidson v. General

Equities, Inc., Case No.:8:10-cv-361-T-23AEP (M.D. Fla., February 22, 2010) ("In this

instance, the defendant provides insufficient facts to establish the jurisdictional amount. . .

. The amount in controversy is determined at the time of removal and not at some speculative time of judgment.  Thus, at the time of removal, the plaintiff's lost wage claim fell significantly short of $75,000.00.  Any estimate of either additional compensatory damages or the attorney's fees that the plaintiff will likely incur is purely speculative.") (internal citations omitted).  The same logic applies here.  Any value Defendant attaches to Plaintiff's request for attorneys' fees is pure speculation.

Further, even if this Court were to include attorney's fees in the amount in controversy calculation, "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy." Mavaddat v. Cracker Barrel Old Country Store, Inc., 2015 U.S. Dist. LEXIS 137044 (M.D. Fla. Oct. 7, 2015) (remanding case where there was no information regarding the amount of attorneys' accrued at the time of removal) (citing Keller v. Jasper Contractor, Inc., 2015 U.S. Dist. LEXIS 106110, *3 (remanding sua sponte a FPWA action and refusing to consider attorneys' fees past the date of removal for calculating the amount in controversy)).  At the time of removal, Plaintiff's back pay was approximately $30,000, and Plaintiff's counsel has not accrued anywhere near the approximately $45,000 in attorney's fees and costs needed to reach the jurisdictional requirement at the time of removal.

> ### 4.    Plaintiff's requests for compensatory damages, punitive damages, and front pay are too nebulous to meet Defendant's burden.

Likewise, any attempt by Defendant to establish the amount in controversy by referring to Plaintiff's claim for compensatory damages, punitive damages, or front pay should also be rejected.  In its removal notice Defendant did not provide any specific detail

about the present action or the facts in any other case which may or may not support an award of compensatory damages.  Indeed, the courts in this district have routinely remanded cases due to "indeterminate damages."

For example, in <u>Mathews v S&B Engineers and Construction, LTD</u>, 2009 WL 249931 *3 (M.D. Fla. 2009), Judge Covington granted plaintiff's motion to remand where defendant attempted to reach the amount of controversy by adding compensatory damages to back pay liability well below the jurisdictional limit.  She relied on principles established by Judge Kovachevich, stating that "compensatory damages were too nebulous to be considered in proving, by a preponderance of the evidence, the jurisdictional amount" and Judge Bucklew's grating of a motion to remand where defendant did not meet its burden of showing the requisite amount in controversy, despite the "serious nature of the injuries that plaintiff alleged."

In <u>Golden v. Dodge-Markham Co</u>., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998), Judge Kovachevich granted a motion to remand, holding

> "the Defendant has also failed to establish that the amount due to the Plaintiff, regarding his claim for compensatory damages, would bring this case within the jurisdiction of this Court.  Compensatory damages are extremely nebulous.  Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $ 75.000.00."

In the instant case, Defendant does not offer any evidence or point to any underlying facts that might support its assertion that the $100,000 statutory cap for punitive damages, and an amount for compensatory damages "not subject to any cap" (Doc. 1, ¶ 13) should be taken into account in calculating the amount in controversy.  Defendant does not make any

comparison from the facts of any case where punitive/compensatory damages were awarded to the facts of the instant case, nor does Defendant offer any evidence to prove that Plaintiff would obtain the same result.

In opposition to this Motion Defendant may suggest that front pay is reasonable to include in the amount in controversy analysis, or even reinstatement.  Both front pay and reinstatement are forms of equitable relief.  However, the recovery of either is merely speculation by Defendant and, if raised, should be rejected. See Brown v. Am. Express Co., Inc, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10 2010) (concluding that including the front pay figure suggested by Defendant would require the court to "engage in impermissible speculation.")

Resolving all uncertainness in favor of remand, Defendant cannot establish the jurisdictional limit by a preponderance of the evidence relying on a speculative award of compensatory damages.  Defendant has not offered any details which establish a value for intangible, non-economic losses.  Accordingly, such speculative damages in the form of compensatory damages are not properly considered in the amount in controversy analysis and Defendant cannot meet its burden of proof to establish by a preponderance of the evidence that Plaintiff's damages exceed $75,000.

## CONCLUSION

Defendant has failed to make an adequate showing of the required jurisdictional amount needed to establish this Court's jurisdiction.  Resolving all uncertainness in favor of remand, and because Defendant has failed to carry its burden of demonstrating the jurisdictional amount, the Court should grant this Motion.

**WHEREFORE**, Plaintiff requests that this motion be granted and the matter be remanded to State Court.

## CERTIFICATE OF GOOD FAITH

Prior to filing this Motion, Plaintiff's counsel conferred with Defendant's counsel pursuant to Local Rule 3.01(g) to attempt to resolve the subject dispute.  The parties were unable to agree on a resolution and Defendant opposes the relief requested herein.

Dated this 30th day of June, 2017.

Respectfully submitted,

_____
**Luis A. Cabassa**
Florida Bar No. 0053643
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile No.: 813-229-8712
Email:  lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2017, the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to:

Mary Ruth Houston, Esquire
Shutts & Bowen LLP
300 South Orange Avenue
Suite 1000
Orlando, FL 32801
Email: mhouston@shutts.com

_____
Luis A. Cabassa