UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAYANA QUINTANO,

    Plaintiff,

v.                                                                                        Case No. 6:17-cv-1168-Orl-37KRS

FOGO DE CHAO CHURRASCARIA
(ORLANDO) LLC,

    Defendant.
_____

## ORDER

On May 24, 2017, Plaintiff filed this action in state court under the Florida Civil Rights Act ("**FCRA**"). (Doc. 2.) In the Complaint, Plaintiff alleges that her former employer discriminated and retaliated against her as a result of pregnancy-related work restrictions imposed on her by her physician. (*Id.* ¶¶ 14–20.) On June 26, 2017, Defendant removed the case on the basis of diversity jurisdiction. (Doc. 1.) Arguing that the amount in controversy requirement ("**AIC**") is not met, Plaintiff now moves for remand.[1] (Doc. 5 ("**Motion**").) Defendant opposes the Motion. (Doc. 12.)

### I.    LEGAL STANDARDS

"Federal courts exercise limited subject matter jurisdiction," and, as such, are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v.*

---

[1] Plaintiff does not dispute that complete diversity exists. (Doc. 5, p. 2.)

-1-

*Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the AIC exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

Where a case is removed from state court, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction [are] resolved in favor of remand to state court," *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II.   ANALYSIS

Courts measure the AIC at the time of removal based on the face of the complaint, notice of removal, and any other relevant papers. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751, 754–55 (11th Cir. 2010). Here, Plaintiff maintains that diversity jurisdiction does not exist because the AIC did not exceed $75,000 at the time of removal. (Doc. 5, p. 3.) But relying on Plaintiff's potential claims for back pay, front pay, compensatory and punitive damages, and attorney fees, Defendant contends that it is "more probable than not" that the AIC requirement is met. (Doc. 12, p. 2.) Upon consideration of the parties' briefing, the Court rejects this argument and finds that the case is due to be remanded. Specifically, the Court finds that: (1) at the time of removal, Plaintiff had only incurred $30,828 in back pay; and (2) Defendant's estimates for front pay, compensatory damages, punitive damages, and attorney fees are too speculative to be included in the AIC calculation.

### A.   Back Pay

When "calculating a back pay award, the trial court must determine what the employee would have earned had she not been the victim of discrimination." *Love v. N. Tool & Equip. Co.*, No. 08-20453-CIV, 2008 WL 2955124, at *3 (S.D. Fla. Aug. 1, 2008). The parties agree that at the time of removal, Plaintiff had incurred fourteen months of potential lost back pay totaling $30,828. (Doc. 5, p. 4, Doc. 12, p. 4.) However, Defendant argues that the AIC should include back pay that accrues after the date of removal. (Doc. 12, p. 4.) The Court disagrees.

Notably, courts within this District hold differing opinions on whether back pay that accrues in the time period following removal through trial or judgment should be included when ascertaining the AIC.[2] The U.S. Court of Appeals for the Eleventh Circuit has not resolved this split.[3] But, consistent with the rule that the AIC should be measured

---

[2] Some courts measure back pay from the date of the adverse employment action to the date of trial or judgment. *E.g.*, *Sheehan v. Westcare Found., Inc.*, No. 8:12-cv-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30TGW, 2011 WL 398042, at *2 (M.D. Fla. Feb. 4, 2011). Other courts only measure back pay through the date of removal. *E.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014); *Davis v. Tampa Ship LLC*, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *1 (M.D. Fla. May 30, 2014); *Wozniak v. Dolgencorp, LLC*, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009).

[3] In *Wineberger v. RaceTrac Petroleum, Inc.*, the Eleventh Circuit affirmed a district court decision including estimates of back pay and attorney fees through trial, a year of front pay, compensatory damages in the $5,000 to $30,000 range, and $10,000 in punitive damages in its AIC calculation. 672 F. App'x 914 (11th Cir. 2016). Nevertheless, unpublished Eleventh Circuit opinions are not binding on this Court. *See* 11th Cir. R. 36-2. Moreover, the trial court's decision was affirmed under a "highly deferential" clear error standard, in which the Eleventh Circuit noted that Plaintiff did not challenge the front pay calculation until almost a year following removal. *Wineberger*, 672 F. App'x at 916–

at the time of removal, *Pretka*, 608 F.3d at 751, this Court calculates back pay only through the date of removal and not through a later, speculative date.[4] The fact that courts may use "deduction, inference, or other extrapolation" in determining the AIC, *see Pretka*, 608 F.3d at 753–54, does not lend support for throwing a dart at a future trial calendar— assuming the case will actually be tried, or disregarding the almost certain evidence of mitigation of wage loss damages. Thus, based on the record, only back pay in the amount of $30,828 will be counted toward the AIC.

### B.   Front Pay

Relying on *Gonzalez v. Honeywell International, Inc.*, Defendant next asks the Court to include one year of front pay as part of the AIC. (Doc. 12, pp. 5–6.) In *Gonzalez*, the district court found that "[c]ourts in this Circuit have previously held that it is reasonable to add one year of front pay to the [AIC] in an FCRA employment discrimination case." No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017). While other district courts in this Circuit may include front pay in determining the AIC, this Court is not so inclined, nor bound by those decisions. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). Rather, this Court is solidly in the camp of those holding that "speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement for diversity of citizenship." *Mavaddat v. Cracker Barrel Old Country Store, Inc.*, No. 8:15-cv-1701-T-33JSS,

---

18.

[4] As a general matter, the date of trial is almost always speculative. As one court duly noted, "experience and common sense suggest that [many] action[s] will resolve before trial." *Davis*, 2014 WL 2441900, at *2.

2015 WL 5897520, at *2 (M.D. Fla. Oct. 7, 2015). As Defendant provides no additional reasoning as to why the inclusion of one year of front pay is appropriate in this case, the Court is not convinced that the front pay estimation is anything but speculative and so declines to include it in its calculation of the AIC.

    **C.**    **Emotional Distress**

Additionally, Defendant requests consideration of Plaintiff's potential emotional distress damages in its determination of the AIC. (*See* Doc. 12, pp. 6–7.) Defendant cites five cases in an attempt to show that emotional distress awards in FCRA discrimination actions routinely exceed $75,000. (*Id.*) However, Defendant "does not explain why that amount would be awarded in *this* case." *See Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016). Defendant also highlights a recent state court case involving pregnancy discrimination under the FCRA, in which the court awarded $41,000 in compensatory damages. (*See* Doc. 12-1 (attaching the complaint and final judgment).) But, beyond stating that the case is analogous to this one, Defendant provides no factual comparison of the emotional state of the plaintiffs. Indeed, Defendant provides no evidence at all of Plaintiff's emotional distress or suffering. With no background of factual similarity, Defendant's contention that damages for emotional distress in FCRA actions routinely exceed $75,000 adds little to the AIC calculus. Thus, "[b]ecause [Defendant] can only speculate as to potential compensatory damages, the Court need not consider those damages in its analysis of whether the jurisdictional requirement has been met." *See Bragg*, 2016 WL 836692, at *2.

**D.     Punitive Damages**

Defendant also urges the Court to include the $100,000 statutory maximum for punitive damages in its calculation of the AIC. It is often the case that "[r]ather than [prove] jurisdictional facts, [defendants] simply point[] out that the complaint . . . includes a request for punitive damages [therefore allowing incorporation of the $100,000 statutory maximum into the AIC]." *Boyd v. N. Trust Co.*, No. 8:15-cv-2928-T-33TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016). But by "[f]ollowing [this] logic, every [FCRA] case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable." *Id.* If there is one place where the Court's "judicial experience and common sense"[5] were to be employed, it would be in recognizing the wholly speculative and unpredictable nature of jury awards in the area of punitive damages. Straining to make that lift to boost the AIC over the jurisdictional limit, in the absence of any factual support, turns the burden on its head. Therefore, because Defendant has not provided any evidence concerning the amount of punitive damages likely recoverable in this case, its proposed inclusion of punitive damages in the AIC is overtly speculative and will not be considered.

**E.     Attorney Fees**

Finally, Defendant fails to sufficiently substantiate its assertion that Plaintiff's attorney fees would reasonably push the AIC above the $75,000 threshold. Instead,

---

[5] *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

Defendant provides evidence that Plaintiff's counsel previously billed $350 per hour for his services, leading to the "common sense" prediction that fees will be at least $50,000 in this action by the time of trial. (Doc. 12, p. 8–9.) While the inclusion of attorney fees accrued as of the time of removal would be an appropriate consideration, Defendant has not presented evidence of that amount. So the Court has no basis to consider attorney fees in the AIC.

### III. CONCLUSION

Here again, we a have Florida plaintiff asserting a claim arising from a Florida statute in a Florida court. To defeat Plaintiff's choice of forum with a Lego-like construction of damage elements seems presumptuously dismissive of the state court's ability to promptly and fairly adjudicate a state law claim. This action does not belong in federal court because Defendant's submissions create significant doubts that the requisite AIC is met. The Court must resolve such doubts in favor of remand. *See Univ. of S. Ala.*, 168 F.3d at 411.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.
2. The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida